PER CURIAM.
Plaintiff, Peter L. Winter, appeals a final summary judgment in defendant Union Air Transport’s favor. We affirm.
The shipper’s letter of instructions form, which Winter executed, clearly alerted Winter to possible civil and criminal penalties resulting from false or fraudulent statements regarding the contents of cargo or freight. Winter, not Union Air, was in the best position to determine the correct contents of the cargo. Winter provided the invoice reflecting the cargo’s content; Winter may not seek damages from Union Air for the consequences of improperly labeled cargo, and for Union Air’s resulting failure to secure appropriate export permits. He will not be heard to say he was harmed by Union Air’s failure to render correct advice as to the need for permits and licenses when Winter misrepresented the facts. See Davanzo v. Miami Nat’l Bank, 301 So.2d 797, 799 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 185 (Fla.1975). The letter of instructions form placed the burden on Winter to reveal the contents of the cargo. Winter’s failure to read the letter of instructions form prior to signing it is not a defense against its application. Alejano v. Hartford Accident & Indem. Co., 378 So.2d 104 (Fla. 3d DCA 1979); Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla.1977).
The trial court correctly found that Union Air was entitled to a judgment as a matter of law. Moore v. Morris, 475 So.2d 666 (Fla.1985). The final summary judgment is affirmed.
Affirmed.